Parker C. J.
It is undoubtedly a principle of the common law, that in a real action, if pending the suit the land be recovered from the tenant' by a stranger, the writ abates. This is because it is no longer in the power of the tenant to render the land, and a judgment against him would be therefore ineffectual, and the change of circumstances is not pro *340 duced by the fault or act of the tenant. Com. Dig. Abatement, H 54. But the facts set forth in the plea are wholly different in their effect. There is no recovery of the land against the tenant, nor has there been any suit for the land ; but the levy of his creditor operates like a grant from the tenant, which, being made pending the suit, will not abate the writ, although possession may be taken by the grantee. Thus, if the tenant enfeoff another pending the writ, and then disseise the feoffee, who recovers against him, this shall not abate the demandant’s writ, the recovery being the consequence of the tenant’s own act, which shall not prejudice the demandant. Comyns, ubi supr. So it is a good plea at common law, that the land was held of the king in chief, and the tenant died, whereby the land was seised into the hands of the king, who is now seised. But the writ shall not abate, if the tenant enfeoff the king, pending the writ. Com. Dig. Abatement, H 55.
Nor will the judgment m this case be ineffectual against the tenant, for his right is not extinguished by the levy ; for if he tenders the money due to his creditor within a year, the title under the execution is gone, and the tenant is restored, so that the demandant would have to begin again in his suit against him. This may be avoided by a judgment in this action, and a writ of habere facias may be executed as against the tenant, in the same manner as if he had vacated tlie land and a stranger without title had possession.

Plea adjudged bad.